PAT. SHEEHAN v. W. T. HOLCOMB.

(No. 2543, Op. Book No. 4, p. —.)

APPEAL from Dallas County.    Opinion by WILLSON, J.

W. & W.,
1   213
§   462
81   610

**§ 462.** *Damages against an officer for arrest and false imprisonment.* One Sandford, who had lost a horse, discovered his horse hitched in the city of Dallas, but did not know who had hitched him. He reported his discovery to the chief of police of the city, informing that officer that the horse had been stolen, and he went with the chief of police to the place where the animal was hitched and pointed the horse out to him. Thereupon the chief of police informed Sheehan, who was a police-

man, that the horse, pointing him out, was a stolen horse, and directed him to watch the horse and arrest whoever came and took possession of it. Sheehan obeyed the instructions of his chief, and when Holcomb came and took possession of and was proceeding to ride the horse away, appellant arrested him, carried him to the calaboose, where he delivered him to the keeper, who confined him for about an hour in the calaboose. It turned out upon investigation that the horse, though Sandford's, had not been stolen, but that he had strayed off and was taken up and estrayed by Holcomb. When arrested Holcomb had protested his innocence and offered to give bail to answer any charge against him, but Sheehan refused to accept bail, saying he had no authority to do so. Holcomb sued for $1,000 damages for false imprisonment, and on the trial recovered judgment for $50.

§ **463.** *Ordinance of city, with regard to arrests by policemen.* At the time Sheehan arrested Holcomb, an ordinance of the city of Dallas was in full force and effect, which reads as follows: "It shall be the duty of each and every policeman to arrest without warrant all persons found in suspicious places and under circumstances which reasonably show that such persons have been guilty of some felony or breach of the peace, or threaten or are about to commit some offense against the laws or ordinances." In his charge to the jury, the judge wholly disregarded this ordinance, and refused charges requested by defendant's counsel applying the ordinance to the facts in the case. Was appellant entitled to the protection of this ordinance? He certainly was if the ordinance be a legal one, and the evidence brings his acts within its provisions. That the ordinance is a legal one cannot be questioned, when we refer to article 228 of the Code of Criminal Procedure, which reads as follows: "The municipal authorities of towns and cities may establish rules authorizing the arrest without warrant of persons found in suspicious places and under circumstances which reasonably show that such persons have been guilty of some

felony or breach of the peace, or threaten or are about to commit some offense against the laws." It will be observed that the ordinance is almost a literal copy of the above-quoted article of the code. To hold that the ordinance is invalid would be to hold that the statute which authorizes it is invalid, which we are not prepared to do. If the law, it is certainly applicable to the facts, and should have been given in charge to the jury. Holcomb was found by Sheehan under circumstances which a jury might conclude reasonably showed that he had been guilty of a felony. That he had in fact committed no felony does not affect Sheehan's right to arrest him. It was a question for the jury to determine, whether or not the circumstances reasonably showed that Holcomb had stolen the horse, and this issue Sheehan had the right, under the sanction of the ordinance, to have submitted to the jury.

§ 464. *Refusal of bail by policeman; burden of proof.* But it may be said that even if Sheehan had the right to arrest he had no right to refuse appellee the privilege of giving bail, and furthermore that he should have immediately carried Holcomb before the nearest magistrate, and that failing to obey the law in these respects, he is guilty of false imprisonment. If the arrest was legal, as we think under the circumstances it was, the burden of proof rested upon Holcomb to show that Sheehan had authority to take bail, that bail was offered and refused, and that Sheehan failed to carry him immediately before the nearest magistrate for examination. It was not shown that any magistrate was immediately accessible. It was about dusk when the arrest was made, and appellee conducted appellant at once to the calaboose, and turned him over to the keeper thereof, who imprisoned him. It may be, though it does not appear from the record, that in refusing bail and taking appellee to the calaboose and turning him over to the keeper thereof, Sheehan acted under express authority and directions of

215

the city ordinances, and if he did, and if such ordinances are valid, then he would be protected by them.

Because the court failed to charge the law of the case, the judgment is

June 29, 1883.                Reversed and remanded.

HURT, J., dissents.